# United States District Court, Northern District of Illinois

MV

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7265 | **DATE** | SEP 1 7 2012 |
| **CASE TITLE** | Gerald Reed (#N-32920) v. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $9.78 from Plaintiff's account for payment to the Clerk of Court as an initial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk is directed to forward a copy of this order to the Inmate Trust Office at Stateville Correctional Center. However, summonses shall not issue at this time. On the Court's own motion John W. Grove, Maisel & Associates, 161 N. Clark Street, Suite 800, Chicago, IL 60601, is appointed to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). After investigation, appointed counsel should notify the Court within sixty days if he wishes to proceed with the complaint on file or he intends to file an amended complaint. If counsel is unable to file an amended complaint, he should so inform the Court.

■ [For further details see text below.]                                                                 Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate in state custody at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Plaintiff has suffered an ongoing inability to receive adequate medical care at Stateville Correctional Center since he arrived there in 1991. He alleges that he suffered an injury pursuant to his arrest by the Chicago Police Officers in 1990, and the rod an pin that were inserted into his leg has broken and become embedded in his muscle. Plaintiff names eighteen separate Defendants at Stateville, at the Illinois department of Corrections in Springfield, and employees of Wexford Health Sources, Inc, which provides medical services for the Illinois Department of Corrections.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $9.78. The office of inmate accounts at Stateville Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Stateville inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

AWL

## STATEMENT (continued)

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action with respect to deliberate indifference to a serious medical condition. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008), citing *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

Due to the nature of Plaintiff's allegations, the Court hereby appoints John W. Grove, Maisel & Associates, 161 N. Clark Street, Suite 800, Chicago, IL 60601 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

After investigation, appointed counsel should notify the Court within sixty days if he wishes to proceed with the complaint on file or he intends to file an amended complaint. If counsel is unable to file an amended complaint, he should so inform the Court.